IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02591-BNB

DERIC B. VAN FLEET,

    Plaintiff,

v.

KIT CARSON CORRECTIONAL FACILITY,
GANGS COORDINATOR MR. MARTINEZ & STAFF,
LT. VIGIL,
CASE MANAGER MRS. DAVIS, and
MEDICAL DEPARTMENT,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Deric B. Van Fleet, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Van Fleet initiated this action by filing *pro se* a complaint (ECF No. 1). On October 6, 2014, he filed an amended complaint (ECF No. 5) on the court-approved Prisoner Complaint form. Mr. Van Fleet asserts Eighth Amendment claims pursuant to 42 U.S.C. § 1983. He seeks damages as relief.

    The court must construe the amended complaint liberally because Mr. Van Fleet is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Van Fleet will be ordered to file a second amended complaint if he wishes to pursue his claims in this

action.

The amended complaint is deficient. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." It is not clear who Mr. Van Fleet is suing with respect to the Defendant he identifies in the caption of the amended complaint as "Gangs Coordinator Mr. Martinez & Staff." If Mr. Van Fleet intends to assert any claims against individual staff members, he must identify those individuals and he must provide an address where each individual Defendant may be served.

The amended complaint also does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings

violate Rule 8.

Mr. Van Fleet's claims are premised on events that occurred while he was incarcerated at the Kit Carson Correctional Facility in May and June 2012.  Mr. Van Fleet alleges that he was jumped by other inmates on two occasions and that he was placed in segregation.  He further alleges that he told various individuals he would like to press charges against the inmates who jumped him, but nothing was done about it. Finally, Mr. Van Fleet alleges that he did not receive his prescribed medications for three or four days while in segregation and that he became very ill and suffered bad side effects because he did not receive his medications.

Mr. Van Fleet fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to allege facts that demonstrate his Eighth Amendment rights were violated.  In other words, Mr. Van Fleet fails to allege facts that demonstrate Defendants subjected him to inhumane conditions of confinement or that they acted with deliberate indifference to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Mr. Van Fleet's assertion that he told various individuals he wanted to press charges against the inmates who jumped him and nothing was done about does not demonstrate he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. Mr. Van Fleet's medical treatment claim fails to allege specific facts that demonstrate any of the individual Defendants personally participated in the asserted denial of his medications.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

For these reasons, Mr. Van Fleet will be directed to file a second amended complaint.  Mr. Van Fleet must identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Van Fleet may not assert claims against the Defendants identified as Kit Carson Correctional Facility and Medical Department because they are not persons subject to suit under § 1983.  Accordingly, it is

ORDERED that Mr. Van Fleet file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Van Fleet shall obtain the court-approved

Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Van Fleet fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED October 9, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge