IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02591-BNB

DERIC VAN FLEET,

    Plaintiff,

v.

KIT CARSON CORRECTIONAL FACILITY,
LT. VIGIL, and
MRS. DAVIS, Case Manager,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Deric Van Fleet, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Van Fleet initiated this action by filing *pro se* a complaint (ECF No. 1). On October 6, 2014, Mr. Van Fleet filed an amended complaint (ECF No. 5). On October 9, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Van Fleet to file a second amended complaint that clarifies who he is suing and the claims he is asserting. On October 29, 2014, Mr. Van Fleet filed a second amended complaint (ECF No. 9). Mr. Van Fleet asserts two claims for damages pursuant to 42 U.S.C. § 1983.

    Mr. Van Fleet has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Mr. Van Fleet's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Van Fleet is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Van Fleet alleges that he was assaulted on two occasions in June or July 2011 while he was incarcerated at the Kit Carson Correctional Facility. Construing the second amended complaint liberally, Mr. Van Fleet apparently claims the individual Defendants, Lt. Vigil and Mrs. Davis, were deliberately indifferent to his safety in violation of the Eighth Amendment because they failed to press charges against the inmate or inmates who assaulted Mr. Van Fleet the first time and the second assault occurred after Mrs. Davis returned Mr. Van Fleet to the general population a couple of weeks later. Mr. Van Fleet does not assert any claims against the Defendant identified as "Kit Carson Correctional Facility" and the Defendant identified as "Kit Carson Correctional Facility" is not a person subject to suit under § 1983. Therefore, the Defendant identified as "Kit Carson Correctional Facility" will be dismissed as a party to this action.

Mr. Van Fleet's Eighth Amendment claims against Lt. Vigil and Mrs. Davis are legally frivolous and must be dismissed for two reasons. First, the Eighth Amendment claims are untimely. Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense"). It is obvious on the face of the second amended complaint that Mr. Van Fleet's Eighth Amendment claims accrued when he was assaulted in June or July 2011. Because Mr. Van Fleet did not file the instant action until September 2014, it also is obvious on the face of the second amended complaint that the claims are barred by the applicable two-year statute of limitations. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (two-year statute of limitations applies to § 1983 claims in Colorado).

Mr. Van Fleet's Eighth Amendment claims also are legally frivolous because the facts he alleges in support of the claims do not support an arguable constitutional claim. "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Van Fleet must allege that

3

Defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Mr. Van Fleet fails to allege facts that demonstrate either Lt. Vigil or Mrs. Davis acted with deliberate indifference. He alleges only that they failed to press charges against the inmate or inmates who assaulted him the first time and that he was assaulted a second time after Mrs. Davis returned him to the general population a couple of weeks later. Mr. Van Fleet does not allege facts that demonstrate either Lt. Vigil or Mrs. Davis was aware of a substantial risk of serious harm or that they disregarded a known risk by failing to take reasonable measures to abate the risk.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

For these reasons, Mr. Van Fleet's Eighth Amendment claims will be dismissed

as legally frivolous.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  17th  day of   November  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court